## CHARLES H. TAYLOR

*v.*

## STATE OF ILLINOIS.

*Opinion filed February 17, 1915.*

NEGLIGENCE—*Johnson* v. *State ante followed.* This claim is similar to the claim of *Frank O. Johnson* v. *State, supra.* The law governing the *Johnson claim* covers this claim.

Brown, Hay & Creighton, and Lagger & Blatt, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

Claimant is the owner of real estate in Joliet situated adjacent to the stone quarry operated in connection with the Illinois State Penitentiary.

Claimant claims to have sustained damage due to blasting operations in the stone quarry, and the facts and the law applicable thereto are essentially the same as in the case of *Johnson* v. *State of Illinois,* in which opinion was filed at the October Term, 1913, and in *McNally* v. *State of Illinois,* opinion filed at the present term of this Court, and in fact the evidence in this case and in the *McNally case* was taken at the same time. He claims that subsequent to the expenditure of about $3,000.00 by him, in the purchase of a lot and the erection of a house, that the operation of the stone quarry was begun, as a result of which, the value of his property has been depreciated. The evidence shows, that the property was mortgaged for $1,800.00; that he was unable to pay interest on his mortgage; that he endeavored to sell his property but could not because of the presence of the stone quarry; that the best offer he received was $1,200.00, and that he finally turned the property over in payment of the debt. Of course, the consideration for the sale of the property by claimant, is no criterion of its value, as it was practically a forced sale.

Claimant testified, that in his opinion, the consideration he received was more than its value, yet he also stated that the reason he had to give the property up was because of business reverses and because he was unable to keep up payments of interest. He carried $2,000.00 of insurance, so it may be well said, that claimant's own testimony with relation to value is not altogether consistent. The claimant filed his claim on May 1, 1914. He had disposed of his property in January 1914.

While this case is in other respects similar to the *Johnson* and *McNally cases,* it presents a novel question in that due to financial reverses claimant was compelled to turn over the property to his mortgagee in satisfaction of the mortgage debt. It would appear from the evidence that the existence of the nuisance in question undoubtedly had its effect upon the sale of the property and limited the possible number of purchasers. We believe that the value of this property was depreciated because of the facts as shown in the evidence, and we accordingly award the claimant the sum of five hundred dollars as his damages.